# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **EDWARD W. TOVEY,** | ) | **CASE NO.1:12CV448** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **NIKE, INC. ET AL.,** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter comes before the Court upon Defendants' and Plaintiff's Objections to the Report and Recommendation Decision (ECF DKT #17) of Magistrate Judge Vecchiarelli, recommending that the Motion (ECF DKT #11) of Defendants, Nike, Inc. et al., to Dismiss be granted, in part.  Upon consideration of the Motion, Report and Recommendation, Objections, Exhibits, and applicable law, the Court ADOPTS BUT MODIFIES Magistrate Judge Vecchiarelli's Report and Recommendation to DENY, IN PART Defendants' Motion to Dismiss.

## **I. FACTS**[1]

Plaintiff, Edward W. Tovey (hereinafter "Tovey"), attended Hondros College in Independence, Ohio during the fall of 2005.  At Hondros, Tovey had a class with Savannah Brinson (hereinafter "Brinson"), the girlfriend of LeBron James (hereinafter "James"). During this time, James had a marketing and sponsorship agreement with Defendant Nike, Inc.

Tovey conceived of a sports clothing line with the catchphrase "BOOM YO!" marketed around "game changing sports moments."   Tovey shared this idea with Brinson, hoping that he could develop a partnership with Brinson, James, and Nike.  Tovey filed an intent-to-use trademark application for "BOOM YO!" in the United States Patent and Trademark Office (USPTO) on July 16, 2005.  The USPTO issued Tovey's registration on March 31, 2009, as United States Trademark Reg. No. 3,600,240, which covers applications to "[c]lothing, namely, t-shirts, sweatshirts, ball caps, shirts, shorts, shoes, and jackets" in International Class 25.

On or about October 1, 2010, Nike launched a marketing campaign developed by Defendant Wieden+Kennedy (hereinafter "W+K") featuring game changing sports moments using the tag line "BOOM."  The campaign included YouTube videos, television commercials, a smartphone application, and apparel (t-shirts, long-sleeved shirts, hoodies, and gloves).  Tovey had been selling a line of clothing under the "BOOM YO!" trademark for

---

[1] For a complete detailed version of the facts, see Magistrate Judge Vecchiarelli's Report and Recommendation (ECF DKT #17), which refers to the original Complaint and incorporates all documents relation to the dispute.

more than six years where the phrase "BOOM" was featured on the front side of an item and "YO" was featured on the reverse side. This case arises from the dispute over Nike's use of "BOOM."

## II. PROCEDURAL HISTORY

Tovey filed a complaint against Nike, W+K, and unnamed companies and John Does on February 24, 2012. The Complaint asserted twelve[2] causes of action, including Trademark Counterfeiting, 15 U.S.C. § 1114; Trademark Infringement, 15 U.S.C. § 1114; Reverse Confusion, 15 U.S.C. § 1114; False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a); Contributory Trademark Infringement, 15 U.S.C. § 1114; Vicarious Trademark Infringement, 15 U.S.C. § 1114; Unfair Competition under common law; Trademark Infringement under common law; a violation of the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Rev. Code § 4165.03 et seq.; Tortious Interference with Prospective Business Relationships/Common Law Civil Conspiracy; and Unjust Enrichment. Tovey seeks damages, injunctive relief, and declaratory judgment.

On April 30, 2012, Defendants Nike and W+K filed a Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief can be granted. On July 3, 2012, Magistrate Judge Vecchiarelli issued a Report and Recommendation granting Defendants' Motion to Dismiss as to Tovey's First (Trademark Counterfeiting) and Third (Reverse Confusion) claims; granting with leave to amend as to Tovey's Fifth (Contributory Trademark Infringement), Sixth (Vicarious Trademark Infringement), and Tenth (Tortious

---

[2] The Complaint inadvertently omits an eleventh claim, therefore the final claim is listed as number thirteen.

Interference with Business Relationships) claims; and denying as to Tovey's Second (Trademark Infringement), Fourth (False Designation of Origin and Unfair Competition), Seventh (Unfair Competition under common law), Eighth (Trademark Infringement under common law), and Ninth (violation of ODTPA) claims.  Plaintiff and Defendants both filed objections to the Report and Recommendation on July 17, 2012 and July 25, 2012, respectively.

### III. STANDARD OF REVIEW

**A. Civil Rule 72(b) Standard**

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made.  A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party.  *Thomas v. Arn* 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record.  The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

**B. Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept

as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation.  *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully.  *Id.*  Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

5

# IV. ANALYSIS

## A. Plaintiff's Objections

1. Trademark Counterfeiting

In the Report and Recommendation, the Magistrate Judge granted Defendants' Motion to Dismiss as to Plaintiff's First (Trademark Counterfeiting) and Third (Reverse Confusion) Claims.  Plaintiff only objected to the trademark counterfeiting cause of action.  ECF DKT #23, page 1.

In his objection, Plaintiff first argues that the test for trademark counterfeiting should be  "whether the alleged infringing trade-mark or label, taken as a whole, so far resembles the other mark or label as to be likely to be mistaken for it by the casual or unwary purchaser."  *Id.* at 2 (citing *Coca-Cola Co. v. Carlisle Brewing Works*, 43 F.2d 119, 120 (6th Cir. 1930)). Plaintiff then cites to the Magistrate Judge's holding that Defendants' various uses of "BOOM" could plausibly result in consumer confusion as evidence that Defendants' Motion to Dismiss should be denied.  Plaintiff, however, applies the incorrect test in his Objection. As the Magistrate Judge  correctly asserts, "the question is whether the phrases themselves are 'substantially indistinguishable' to the average consumer irrespective of their style of use." ECF DKT #17, page 9.  Thus, the standard for trademark counterfeiting is significantly higher than that for trademark infringement and "slight differences, so long as they are apparent to the typical consumer upon minimal inspection, will defeat the allegation that a mark is counterfeit."  *Schneider Saddlery Co. v. Best Shot Pet Products Int'l, LLC*, No. 1:06CV02602, 2009 WL 864072 (N.D. Ohio March 31, 2009) (citing, as an example, *Colgate-Palmolive Co. v. J.M.D. All-Star Import and Export Inc.,* 486 F. Supp. 2d 286 (S.D.N.Y. 2007).  Although

6

from the Second Circuit, *Colgate-Palmolive* has been relied on in this Court and provides

significant guidance in evaluating the above test.

      *Colgate-Palmolive* provides that "an allegedly counterfeit mark must be compared

with the registered mark as it appears on actual merchandise to an average purchaser."

*Colgate Palmolive*, 486 F. Supp. 2d at 289.  *Colgate-Palmolive* involved a trademark

counterfeit suit against a toothpaste imported from China, packaged as "Colddate."  The

Plaintiff, Colgate-Palmolive, argued that the differences between the front and back panels of

the toothpaste boxes were trivial and that consumers were not likely to notice them.  *Id.* at

290.  In the present case, Plaintiff asserts that the "BOOM" on the front of Nike's apparel

would be indistinguishable with the "BOOM" located on the front of his apparel.  Unlike the

argument by Colgate regarding toothpaste, however, consumers routinely inspect both the

front and back of apparel before making a purchase.  In doing so, the differences between

Plaintiff's use of "BOOM YO!" (wherein the "YO" is contained on the reverse side of

apparel) and Defendant's apparel, which only contains a "BOOM" on the frontside, would

become readily apparent upon routine consumer inspection.  *Colgate-Palmolive* further

provides "[i]n general . . . marks that are similar to the registered mark, but differ by two or

more letters, are not likely to be considered counterfeit."  "BOOM" and "BOOM YO!" not

only differ by two letters, but also differ in that the former is a single word, whereas the latter

is multiple words.  Accordingly, Defendants' use of "BOOM" is not a counterfeit of Plaintiff's

trademark of "BOOM YO!"

      Plaintiff continues to argue in his objection that "Defendant(s) knew or should have

known they were involved in trademark counterfeiting" because "Plaintiff Tovey's trademark

of Boom Yo is the only "Boom" protected mark in the category of apparel and shoes in sports marketing." ECF DKT #23, page 2. Federal trademark counterfeit claims require that a plaintiff must show that (1) the Defendants infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the Defendants intentionally used the mark knowing it was a counterfeit as 15 U.S.C. § 1116 defines the term "counterfeit." 15 U.S.C. § 1117(b); *see also* ECF DKT #17, page 8. Because Defendants' use of "BOOM" is not a counterfeit, the requirements of element two cannot be met despite any willful infringement alleged by Plaintiff.

In light of the above, Defendants' use of "BOOM" does not rise to the level of trademark counterfeiting. Plaintiff's arguments are without merit and the Court adopts the Magistrate Judge's Recommendation to grant Defendants' Motion to Dismiss as to Claim One.

## B. Defendants' Objections

In the Report and Recommendation, the Magistrate Judge granted with leave to amend as to Plaintiff's Fifth (Contributory Trademark Infringement), Sixth (Vicarious Trademark Infringement), and Tenth (Tortious Interference with Business Relationships) causes of action. The Magistrate Judge denied Defendants' Motion to Dismiss as to Plaintiff's Second (Trademark Infringement), Fourth (False Designation of Origin and Unfair Competition), Seventh (Unfair Competition under common law), Eighth (Trademark Infringement under common law), and Ninth (violation of Ohio Deceptive Trade Practices ("ODTPA")) grounds for relief. Defendants present three objections.

1. Trademark Infringement

Defendants' first objection is whether "Magistrate Judge Vecchiarelli clearly [erred] by failing to conduct a legal analysis on the threshold issue of whether Nike used 'boom' as a trademark as opposed to whether Nike made a non-trademark use of 'boom.'"  ECF DKT #24, page v.  Defendants argue that the Report and Recommendation "conflates the issue of whether consumers may be confused by NIKE's use of 'boom' with the separate and threshold issue of whether NIKE used 'boom' *as a trademark*, which is a requirement of every trademark infringement claim" and that it "does not contain a legal analysis of whether NIKE used 'boom' *as a trademark*.  Id.* at 4-5 (emphasis in original).

In a trademark infringement cause of action, 15 U.S.C. § 1114(1) requires a plaintiff to allege facts establishing that: "(1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion."  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir 2009).  Defendants only argue that Plaintiff failed to establish a likelihood of confusion because Nike never used "BOOM" as a trademark.  In support, Defendants cite to *Hensley Mfg. v. ProPride, Inc.*, which states

> [T]he likelihood of confusion analysis also involves a preliminary question: whether the defendants "are using the challenged mark in a way that identifies the source of their goods."  If they are not, then the mark is being used in a "non-trademark" way and trademark infringement laws . . . do not even apply.

*Hensley* 579 F.3d at 610 (internal citations omitted).  Defendants argue a number of factors that suggest its use of "BOOM" did not identify the source of the goods, and therefore, was not used as a trademark.  These factors, however, remain a question for a trier of fact.

Despite the preliminary question described in *Hensley*, the "touchstone of liability [for

9

trademark infringement] is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Id.*  As the Magistrate Judge correctly analyzed, "[w]ithout any stylistic markers to distinguish Tovey's use of 'Boom' from Nike's and without examining the back of clothing, it is plausible that an unwary consumer might mistake Nike's goods for Tovey's."  ECF DKT #17, page 11.  The Report continues "[w]hether Nike's use of its 'swoosh' mark on its clothing serves to distinguish Nike's goods from Tovey's to an average consumer is a question of fact best left to a jury." *Id.*  Defendants argue that the Magistrate Judge's analysis regarding an "average consumer" is too broad and that it must be limited to "members of the relevant class of customers or potential customers."  ECF DKT #24, page 8, n. 4.  Defendants' point is valid, however, even the average consumer of sports apparel could still plausibly mistake Nike's goods for Tovey's, and it is clear this is what the Magistrate Judge was referring to.  The Report then concludes "Tovey has alleged sufficient to [sic] facts to plausibly claim that Nike has used 'Boom' as a trademark in its advertising" and "[t]he use of 'Boom' on Nike's clothing occurs without any accompanying context that would indicate Nike's intent in printing the word on the clothing."  ECF DKT #17, page 12.

　　　While Defendants' objection may have factual merit, the issue is the viability of a motion to dismiss for failure to state a claim upon which relief can be granted.  Defendants' Motion is not supported by Defendants' factual analysis in their objection.  "Generally, 'dismissal for failure to state a claim upon which relief can be granted is appropriate in *only the most extreme trademark infringement cases, such as where goods are unrelated as a matter of law*, since the likelihood of confusion is generally a question of fact.'" *Hensley*, 579

F.3d at 613 (quoting 32 *Federal Procedure, Lawyer's Edition* § 74:507 (2008)) (emphasis added).  Here, Plaintiff has adequately alleged that the marks in question are quite similar, the goods are sold in the same market, and that a purchaser could easily mistake Nike's product for Tovey's.  These allegations meet the low standard in *Hensley* and are enough to survive Defendants' Motion to Dismiss, leaving the likelihood of confusion issue to summary judgment or a trier of fact.

In light of the above, the Magistrate Judge properly conducted a factual and legal analysis regarding the likelihood of confusion and correctly concluded that Plaintiff alleged sufficient facts to establish a likelihood of confusion with Defendant's products.

2. Fair Use

With respect to the Fair Use defense presented by Defendants, the Magistrate Judge concluded that as an affirmative defense, fair use is only a defense and cannot be raised in a motion to dismiss.  Defendants object to this conclusion.  Defendants cite to a number of cases where this Court has held affirmative defenses apply during a motion to dismiss.  *See* ECF DKT #24, pages 9-12.  Most on point is *Hensley Mfg. v. ProPride, Inc.,* which was a trademark infringement case appealed to the Court of Appeals for the Sixth Circuit following the District Court's dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6).  In *Hensley*, the Sixth Circuit held that "the affirmative defense of fair use applies to bar the trademark infringement claims" and "the fair use defense applies in this case as a matter of law." *Hensley,* 579 F.3d at 611-12.  Based upon the holding in *Hensley*, the Magistrate Judge erred.

Consequently, the Defendants further argue that the Magistrate Judge failed to analyze whether its use of "BOOM" was a fair use.  ECF DKT #24, pages v and 12-15.  "In evaluating

11

a defendant's fair use defense, a court must consider whether [the] defendant has used the mark: (1) in its descriptive sense; and (2) in good faith." *ETW Corp. v. Jireh Pub.*, 332 F.3d 915, 920 (6th Cir. 2003). Defendants first argue that its use of "BOOM" was descriptive. According to the United States Supreme Court, the Lanham Act was not "meant to deprive commercial speakers of the ordinary utility of descriptive words" and "[i]f any confusion results, that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122 (2004) (quoting *Cosmetically Sealed Industries, Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997)); *see also* ECF DKT #17, page 13, n. 3. Thus, "fair use can occur along with some degree of confusion . . . ." *KP Permanent Make-Up*, 543 U.S. at 122; *see also* ECF DKT #17, page 13, n. 3. In the present case, the term "BOOM" is commonly associated with exclamatory responses, exciting events, and more specifically "game-changing moments." Moreover, Defendant's use of the phrase on its apparel is depicted with emphatic images such as flames, sporting events, and baseball bats. Thus, the phrase is not used alone, rather, it is used to describe the images depicted alongside it.

Defendants next argue that Plaintiff failed to allege facts that Defendants' use of "BOOM" was in bad faith. In analyzing whether Plaintiff met his burden, the Court must accept all pleaded facts as true and view those facts in the light most favorable to the Plaintiff. In his Complaint, Plaintiff alleged in sufficient detail that he knew James's girlfriend, Brinson, and that James had a marketing contract with Defendant Nike. Plaintiff further alleged that he disclosed the idea for his "BOOM YO!" clothing line would be marketed around "game

12

changing sports moments." Given these facts, in the light most favorable to Plaintiff, a reasonable trier of fact could infer that Brinson told James of the idea, who then relayed it to Defendant Nike. As a result, it is plausible that Defendants created their "BOOM" marketing campaign around Plaintiff's idea. In this light, Defendants have failed to establish as a matter of law that their use of "BOOM" was in good faith, and therefore, cannot successfully assert a Fair Use defense in support of their Motion to Dismiss.

In light of the above, although the Magistrate Judge erred in failing to analyze Defendants' Fair Use claim, Plaintiff alleged enough facts to support his claim that Defendants' use was in bad faith. Therefore, Defendants cannot prevail on a Fair Use defense at this time. Defendants' arguments are without merit and the Court adopts but modifies the Magistrate Judge's recommendation to deny Defendants' Motion to Dismiss as to the Trademark Infringement Claims (Two, Four, Seven, Eight, Nine, and Eleven) by clarifying the Magistrate Judge's analysis of Defendants' Fair Use defense.

3. Leave to Amend

Defendants lastly object to the Magistrate Judge granting Plaintiff leave to amend Claim Five (Contributory Trademark Infringement), Claim Six (Vicarious Trademark Infringement), and Claim Ten (Tortious Interference with Business Relationships) because amending these claims would be futile. The relevant case law holds that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

With respect to Claim Five, Contributory Trademark Infringement, Defendants argue that no amendment would be viable because there is no underlying trademark infringement.

13

For the reasons given above, there is a viable trademark infringement claim, and this argument is without merit.

With respect to Claim Six, Vicarious Trademark Infringement, Defendants argue that amending would be futile because this Court fails to recognize a claim for vicarious trademark infringement. Defendants are correct. The Magistrate Judge's Report and Recommendation even states "[v]icarious trademark liability is a cause of action recognized in some circuits but not yet recognized in the Sixth Circuit." ECF DKT #17, page 22 (citing *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 165 (4th Cir. 2012); *Perfect 10, Inc. v. Visa Int'l Service, Ass'n*, 494 F.3d 788 (9th Cir. 2007); and *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143 (7th Cir. 1992)). Because the claim is not recognized in this Circuit, amending would be futile as even a properly alleged claim must be dismissed.

With respect to Claim Ten, Tortious Interference with Business Relationships, Defendants argue that "Tovey has failed to plead facts showing the existence of even a single prospective business relationship between Tovey and a third party that Nike intentionally interfered with between Tovey and a third party." ECF DKT #24, page 17. Defendants are again correct. Plaintiff instead makes unsupported and conclusory allegations that Defendants "depriv[ed] Plaintiff of gaining a reasonable expected economic advantage which is and should be exclusive to Plaintiff." ECF DKT #1, page 20. Because Plaintiff is missing basic, underlying facts required to support a claim of tortious interference with business relationships, amending would be futile.

In summary, Defendants' arguments have merit with respect to Claims Six and Ten. Accordingly, the Court adopts but modifies the Magistrate Judge's Recommendation to deny

14

Defendants' Motion to Dismiss as to Claims Five, Six, and Ten by denying Plaintiff leave to amend with respect to Claims Six and Ten.

## V. CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and Defendants' Objections are, in part, merited.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #17) regarding the Motion (ECF DKT #11) of Defendants to Dismiss is ADOPTED BUT MODIFIED to clarify the denial of Defendants' Fair Use defense regarding the Trademark Infringement Claims and to DENY Plaintiff leave to amend Claims Six and Ten.

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  February 6, 2013

15