UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EDWARD W. TOVEY,** | ) | **CASE NO.1:12CV448** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NIKE, INC. ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (ECF DKT #87) of Defendants NIKE Inc.(Nike), Wieden + Kennedy Inc., (W+K) (collectively, Defendants) Motion for Summary Judgment. The Report recommends that Defendants' Motion be granted. For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and GRANTS summary judgment for Defendants.

**I. FACTUAL BACKGROUND**

This is a brief synopsis of the facts which are more fully laid out in the Magistrate Judge's Report and Recommendation. Plaintiff's Complaint alleges reverse confusion trademark infringement by Defendants. Reverse confusion occurs when customers purchase the senior user's goods (in this case Plaintiff's) under the mistaken impression that they are getting the

goods of the junior user (Nike). The junior user's advertising and promotion swamps the senior user's reputation in the market so that customers are likely to be confused into thinking the senior user's goods are those of the junior. In 1989, Plaintiff began using the phrase "BOOM YO!" to describe or refer to a major moment in a sporting match, typically a game changing moment. In 1998, Plaintiff began considering using the phrase on clothing and discussed the possibility of developing a clothing line based on the term.

On July 16, 2005, Plaintiff filed an application with the United States Patent and Trademark Office (PTO) to register BOOM YO! as a trademark. He described the mark as consisting of standard characters without any claim to particular font, style, size, or color. In February 2006, the PTO responded to the application advising him to change the wording used to describe the good and informing him that the examining attorney determined that the phrase was possibly ornamental and would not function as a trademark. Plaintiff changed the wording but did not understand the ornamental concern and did not respond to that concern. In December 2006, the PTO issued a Notice of Allowance for the mark, requiring Plaintiff to file a Statement of Use within six months. In May 2008, after several extensions, Plaintiff filed the Statement of Use and accompanied it with several images of articles of clothing bearing BOOM YO! known as specimens. At his deposition, Plaintiff admitted that specimens he submitted were not actual photographs of produced product but were computer-generated images. On March 31, 2009, the PTO issued Plaintiff a registration for the trademark BOOM YO!

Plaintiff did not advertise products with his trademark. He sold the products mainly out of the back of his trunk at a flea market he attended three to four times a year between 2006 and 2008. None of his products had sewn-in labels or hang tags with BOOM YO! on them. In 2008,

he developed a website for BOOM YO!, which operated for one year selling only ten to fifteen items. Plaintiff estimated that BOOM YO! generated between $3,000 and $5,000 in revenue between 1998 and 2010.

In 2008, Nike's creative and marketing teams began working on a concept to promote footwear associated with that explosive movement that provides a game-time advantage in a game. They were trying to connect to their core customers, seventeen-year-old athletes, so they wanted a term that was culturally relevant, scientifically accurate and had 'legs' for marketing. They produced a list of words which included: fuse, explode, dabomb, boom, TNT, dynamite and plastique. Ultimately they chose "boom" since that was something already within the vernacular of seventeen-year-old athletes and represented that exciting game-changing moment, which occurred as a result of explosive movement.

In 2009, Nike decided to use the word as a seasonal advertising campaign, rather than a campaign limited to retail footwear. In 2010, the Boom Campaign was submitted to Nike's legal department where they conducted a trademark search for trademarks using the word "boom." The search revealed sixty-one registered trademarks using the word in the clothing category, including Plaintiff's trademark. There is no dispute that Nike became aware of Plaintiff's trademark as a result of the search. They launched the campaign in July of 2010; the first television ad featuring "boom" aired in September of that year. The campaign was featured in national advertisements. Nike included on all their products and advertisements either the "swoosh" or the trademark "Nike." They even developed a Boom smart phone app. The last advertisement for Boom ran in December 2010 and the last in-store advertisement ended in June 2011.

In September 2010, Plaintiff saw the Boom campaign television ad on ESPN.  Several friends contacted him asking if he had made an agreement with Nike to use BOOM YO!.  He then contacted attorneys and filed this suit against Nike.

## II. PROCEDURAL HISTORY

In December 2012, Plaintiff filed a Complaint alleging numerous claims arising out of the alleged infringement.  Defendants filed a Motion to Dismiss and the Magistrate Judge issued a Report and Recommendation that the Motion be denied, in part, and granted, in part.  In February 2013, the Court issued an order adopting the Report and dismissed all of Plaintiff's claims except: (1) trademark infringement under 15 U.S.C. § 1114;  (2) unfair competition under 15 U.S.C. § 1125;  (3) common law unfair competition;  (4) common law trademark infringement;  (5) a claim under Ohio's Deceptive Practices Act;  (6) common law unjust enrichment;  and (7) a claim for declaratory relief.  In December 2013, Nike filed their Motion for Summary Judgment.

## III. ANALYSIS

Neither party has filed an Objection to the Magistrate Judge's Report and Recommendation that Defendants' Motion for Summary Judgment be granted.  Therefore, the Court must assume the parties are satisfied and any further review would be duplicative and inefficient use of judicial resources. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court finds that the Magistrate Judge's unopposed Report and Recommendation properly applied federal trademark law and properly determined that Defendants are entitled to judgment.  Plaintiff is unable to support his trademark infringement and unfair competition claims under the Lanham Act.  He is also unable to support his unjust enrichment claim.

Further, Defendants are entitled to judgment in their fair use affirmative defense claim to trademark infringement, even if there were a viable trademark infringement claim.

## IV. CONCLUSION

Therefore, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and GRANTS summary judgment for Defendants.

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: July 10, 2014**